**FILED**

MAY 2 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVONTA MELVIN ROWLAND,                     )
                                            )
                                            )
              Plaintiff,                    )
                                            )
                                            )
       v.                                   )          Civil Action No. *14 - 903*
                                            )
HONORABLE ELLEN SEGAL HUVELLE,              )
                                            )
              Defendant.                    )
                                            )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and dismisses the complaint with prejudice.

Generally, the plaintiff faults the Hon. Ellen Segal Huvelle for having dismissed cases he previously filed in this Court. He accuses Judge Huvelle of "malpractice legal, false accusations, abuse of process and libel and slander [and] gender discrimination." Compl. at 1. For this allegedly "unconstitutional federal judge behavior," the plaintiff "demands judgment against defendant in the sum of $8,000,000,000,000.00 with interest and costs." *Id.*

Judge Huvelle enjoys absolute immunity from liability for damages for acts taken in her judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was

*N*                                                                              *3*

"immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."). Accordingly, the Court will dismiss this action with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

An Order consistent with this Memorandum Opinion is issued separately.


DATE: 5/6/2014

United States District Judge